HONORABLE ANDRÉ BIROTTE JR., UNITED STATES DISTRICT COURT JUDGE
On March 9, 2018, Defendant Dadco, LLC ("Dadco") filed a Motion to Dismiss Plaintiff's First Amended Complaint ("FAC," Dkt. No. 23). Dkt. No. 29. Plaintiff Colt International Clothing Inc. ("Plaintiff") filed an opposition and Dadco filed a reply. Dkt. Nos. 32, 34. The Court deems this matter appropriate for decision without oral argument and vacates the hearing scheduled for April 6, 2018. See Fed. R. Civ. P. 78 ; LR 7-15. For the following reasons, the Court DENIES the Motion.
I. BACKGROUND
A. Plaintiff's Complaint
The FAC alleges as follows:
Plaintiff's president, Guillermo Macias ("Macias"), developed an elongated, two-color light bulb ("bicolor tube"), FAC, ¶ 16. The bicolor tube can produce two different types of white light, making it useful in the photography and film industries. FAC, ¶ 17. Macias filed a provisional patent application (the "Provisional Application") for the bicolor tube innovation on May 17, 2012. FAC, ¶ 18. Plaintiff then filed a non-provisional patent application and ultimately obtained a patent titled "Tube Light with Improved LED Array,"
*892 United States Patent No. 9,719,642 (the "'642 patent"). Id. Plaintiff also obtained a continuation patent, United States Patent No. 9,845,924 (the "'924 patent"). FAC, ¶ 22.
While Plaintiff was prosecuting its patent applications, Quasar Science, LLC ("Quasar") began making and selling bicolor tubes that infringed the '642 and '924 patents. FAC, ¶ 19, Specifically, Quasar's products met all of the limitations set forth in claim 1 of each patent. FAC, ¶¶ 26, 28, Exs. 16, 17. Quasar sold the infringing products to Dadco, which then resold them to photography, production, and film companies. FAC, ¶ 30.
B. Dadco's Request for Judicial Notice
Dadco submitted a request for judicial notice, asking the Court to take judicial notice of documents from the prosecution history of the '642 and '924 patents. Dkt. No. 30 ("RJN"). In particular, Dadco seeks judicial notice of the two patents, the Provisional Application, the non-provisional patent applications, a docket sheet from the United States Patent Office, and an amendment to a non-provisional patent application. Id. Prosecution materials are matters of public record and subject to judicial notice under Fed. R, Civ. P, 201. See Coinstar, Inc. v. Coinbank Automated Sys., Inc. , 998 F.Supp. 1109, 1114 (N.D. Cal. 1998). The Court therefore GRANTS the request to the extent necessary to resolve the issues presented in Dadco's motion to dismiss.
As relevant to Dadco's motion, the Provisional Application contained various figures and schematics. See RJN, Ex. 3. Among them were materials generated by a manufacturer called Zhiyue Optoelectronics ("Zhiyue"). Id. , Figures 5-13. According to the Provisional Application, the Zhiyue materials included test results for the bicolor tubes and charts with specifications for the bicolor tubes. Id. , at p. 3.
II. LEGAL STANDARD
Fed R. Civ. P. ("Rule") 8 requires a plaintiff to present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a defendant may move to dismiss a pleading for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).
To defeat a Rule 12(b)(6) motion to dismiss, the complaint must provide enough detail to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The complaint must also be "plausible on its face," allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. Labels, conclusions, and "a formulaic recitation of the elements of a cause of action will not do." Twombly , 550 U.S. at 555, 127 S.Ct. 1955.
When ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus , 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). It also must make all reasonable inferences in the plaintiff's favor. Nordstrom v. Ryan , 762 F.3d 903, 906 (9th Cir. 2014). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937 (quotations omitted).
III. DISCUSSION
Dadco's motion to dismiss asserts a single argument for dismissal-that the invention claimed in Plaintiff's patents was *893 available to the public over a year before the patents' effective filing date. According to Dadco, Macias's inclusion of the Zhiyue material in the Provisional Application demonstrates that the claimed invention was available to the public before that filing. And because the patents' effective filing date was one year after the filing of the Provisional Application, Dadco argues, the invention must have been publicly available over a year before the patents' effective filing date. Thus, Dadco concludes, the patents are invalid as a matter of law.
In 2011, Congress passed the America Invents Act ("AIA"), which changed United States patent law from a "first to invent" system to a "first to file" system. Leahy-Smith America Invents Act, Pub. L. No. 112-29, 125 Stat. 284 (2011); see Storer v. Clark , 860 F.3d 1340, 1342 (Fed. Cir. 2017). Under pre-AIA law, a patent would be invalid if "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b) (2006) (amended by 35 U.S.C. § 102(a-b) ). Thus, while a party could not patent an invention already in public use, the pre-AIA statute provided a one-year grace period such that public use within one year of a patent application would not invalidate the patent. Woodland Tr. v. Flowertree Nursery, Inc. , 148 F.3d 1368, 1370 (Fed. Cir. 1998).
The AIA amended § 102(b). It kept the rule that prior public use invalidates a patent, but reduced the scope of the one-year grace period. Helsinn Healthcare S.A. v. Teva Pharm. USA, Inc. , 855 F.3d 1356, 1360 n.1 (Fed. Cir. 2017). Instead of applying generally to public use within one year of the effective filing date, the one-year grace period only applies in two situations. First, it applies when "the disclosure was made by the inventor or joint inventor or by another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor." 35 U.S.C. § 102(b)(1)(A). Second, it applies when "the subject matter disclosed had, before such disclosure, been publicly disclosed by the inventor or a joint inventor or another who obtained the subject matter disclosed directly or indirectly from the inventor or a joint inventor." 35 U.S.C. § 102(b)(1)(B).
The AIA applies to patents with effective filing dates on or after March 16, 2013. Pub. L. 112-29, § 3(n)(1), 125 Stat 284, 293 (2011); see also Redline Detection, LLC v. Star Envirotech, Inc. , 811 F.3d 435, 449 n.7 (Fed. Cir. 2015). Effective filing dates are determined on a claim-by-claim basis. Manual of Patent Examining Procedure § 2152.01 ("As under pre-AIA law, the effective filing date of a claimed invention is determined on a claim-by-claim basis and not an application-by-application basis.") (9th Ed. Nov. 2015). However, if any claim in a patent has an effective filing date on or after March 16, 2013, then the AIA version of § 102 applies in determining the patentability of every claimed invention in the patent. Id. § 2159.02.
The parties dispute the effective filing date of the '642 and '924 patents. Plaintiff argues that the relevant effective filing date is the date Macias filed his Provisional Application, May 17, 2012. Dadco argues that the effective filing date is May 17, 2013, the date Plaintiff filed its non-provisional patent application.
The Court does not need to decide the effective filing date of the '642 and '924 patents to resolve Dadco's motion, however, because the motion would fail either way. Even under Dadco's theory, the effective filing date of the patents was, at the latest, May 17, 2013. For the patents to be invalid, then, the invention would have had to have been publicly disclosed prior to *894 that date. But the FAC and judicially-noticed materials do not support such a conclusion.
To adopt Dadco's invalidity argument, the Court would have to take the FAC and judicially-noticed materials, make assumptions that favor Dadco, and ignore the reasonable inferences that favor Plaintiff. Dadco claims the Zhiyue materials in Macias's Provisional Application demonstrate that the invention was publicly disclosed before the date he filed that application. In making this argument, Dadco assumes that those materials must have been publicly available by virtue of the fact that Macias obtained them. But Dadco provides no convincing reason for the Court to take that assumption as true, particularly at the dismissal stage, where all reasonable inferences are to be made in Plaintiff's favor. The fact that Macias had the Zhiyue materials certainly does not mean that they were publicly available. He could have obtained those materials directly from Zhiyue, not through public channels. Indeed, Plaintiff's opposition indicates that Zhiyue was simply the manufacturer Macias commissioned to work on the bicolor tube invention. Construing all reasonable inferences in Plaintiff's favor, the Court cannot conclude that the bicolor tube invention was publicly available before the effective filing date of Plaintiff's patents.[1]
In its reply, Dadco argues that Plaintiff should have specifically alleged in the FAC that Zhiyue was Macias's manufacturer. But Dadco raised the public disclosure issue, not Plaintiff. Plaintiff is not required to anticipate each fact-based defense Dadco might assert and plead facts to refute that defense. Rather, Plaintiff's burden at this stage is to set forth sufficient facts to state a patent infringement claim. It has done so.
IV. CONCLUSION
For the foregoing reasons, the Court DENIES Dadco's motion to dismiss.
IT IS SO ORDERED.

To the extent Dadco argues that Macias's Provisional Application was a public disclosure that invalidates the '642 and '924 patents, it presents no reason for the Court to assume that the Provisional Application was publicly disclosed before Plaintiff filed its non-provisional application. Provisional patent applications generally do not become public until well after they are filed, if at all. See 35 U.S.C. § 122(b).